UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BILLY JACKSON,                          :

        Petitioner,                     :

                                        :           PRISONER
v.                                      :   Case No. 3:12-cv-1235(RNC)
                                        :
LEO C. ARNONE and                       :
PETER MURPHY,                           :
                                        :
        Respondents.                    :

RULING AND ORDER

        Petitioner, a Connecticut inmate proceeding pro se, brings

this action for writ of habeas corpus pursuant to 28 U.S.C. §

2254.  He challenges his state court convictions for attempted

murder, assault in the first degree and possession of a firearm

on two grounds.  First, he argues that trial counsel was

ineffective when he failed to object to the trial court's sua

sponte instructions on an alternative theory of self-defense.

Second, he contends that the habeas court abused its discretion

when it denied his petition for certification to appeal the

denial of his state habeas petition.  For reasons that follow,

the petition is denied.

I.    Background

        The Connecticut Appellate Court determined that the jury

reasonably could have found the following facts.  See State v.

Jackson, 95 Conn. App. 400, 403, 896 A.2d 137, 142 (2006).  On

the evening of September 21, 2002, petitioner was at a club in

Bridgeport.  The victim and his friend also were at the club.  At

some point during the evening, the victim bumped into petitioner.
The club bouncer noticed the incident.  Later in the evening,
petitioner and the victim argued in the bathroom.  Hearing the
argument, the bouncer escorted petitioner from the club and he
remained outside.

At closing time, the victim left the club to meet his
friend.  The victim overheard petitioner talking about him.  The
victim approached petitioner and they began to argue.  A fight
ensued and the victim was shot in the right thigh.  Petitioner
got up and shot the victim's friend.  The victim and his friend
struggled with petitioner who fired the gun again, this time
striking the victim in the right shoulder.  At some point in the
struggle, the gun became inoperable and the victim and his friend
left.

Petitioner was tried before a jury on charges of attempt to
commit murder, assault in the first degree, attempt to commit
assault in the first degree and criminal possession of a firearm.
The jury found him not guilty of one of the two counts of
attempted murder and guilty of the other charges.  The
Connecticut Appellate Court affirmed the conviction on grounds
unrelated to this petition and the Connecticut Supreme Court
denied a petition for certification.  State v. Jackson, 95 Conn.
App. at 402, cert. denied, 297 Conn. 904, 901 A.2d 1226 (2006).

In 2007, petitioner filed a state habeas action.  In his

amended petition, he argued that trial counsel was ineffective for failing to object to the court's *sua sponte* jury instructions on self-defense.  The state court denied the petition in an oral decision and denied petitioner's request for certification to appeal.  Jackson v. Warden, TSRCV074001516S, 2010 WL 745811, at *2 (Conn. Super. Ct. Jan. 22, 2010).  Petitioner then appealed the denial of his petition for certification as an abuse of discretion.  The Connecticut Appellate Court determined that the trial court properly concluded that trial counsel provided effective assistance and dismissed the appeal.  Jackson v. Commissioner of Correction, 129 Conn. App. 325, 331, 20 A.3d 75, 79, cert. denied, 302 Conn. 947, 31 A.3d 382 (2011).  Petitioner then commenced this action.

II.  Standard of Review

     A federal court will entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws.  28 U.S.C. § 2254(a).  The federal court cannot grant a petition for a writ of habeas corpus filed by a person in state custody with regard to any claim that was rejected on the merits by the state court unless the adjudication of the claim in state court resulted in a decision that either (1) was contrary to, or involved an objectively unreasonable application of, clearly established Federal law, as determined by the U.S.

Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence before the state court.  28 U.S.C. § 2254(d).

Clearly established federal law is found in holdings, not dicta, of the United States Supreme Court at the time of the state court decision.  Carey v. Musladin, 549 U.S. 70, 74 (2006).  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, the state court cannot be said to have unreasonably applied clearly established federal law.  See id. at 77.  Where Federal law is clearly established, the state court decision must be more than incorrect; it must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Harrington v. Richter, 562 U.S. 86, 103 (2011); see also Burt v. Titlow, 134 S. Ct. 10, 16 (2013) (federal habeas relief warranted only where the state criminal justice system has experienced an "extreme malfunction").

When reviewing a habeas petition, the federal court presumes that the factual determinations of the state court are correct.  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  The presumption of correctness, which applies to "historical facts, that is, recitals of external events and the credibility of the

4

witnesses narrating them," will be overturned only if the material facts were not adequately developed by the state court or if the factual determination is not adequately supported by the record.  Smith v. Mann, 173 F.3d 73, 76 (2d Cir. 1999) (internal quotation marks and citation omitted).  The federal court's review under section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.  Cullen v. Pinholster, 131 S. Ct. 1388, 1398-99 (2011).

III. Discussion

Petitioner first argues that trial counsel was ineffective when he failed to object to the court's *sua sponte* jury instructions on self-defense.  Strickland v. Washington, 446 U.S. 668 (1984), "is the relevant 'clearly established Federal law, as determined by the Supreme Court of the United States'" on claims of ineffective assistance of counsel.  Aparicio v. Artuz, 269 F.3d 78, 95 & n.8 (2d Cir. 2001) (quoting 28 U.S.C. § 2254(d)(1)).  An ineffective assistance claim under Strickland "has two components:  A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense."  Wiggins v. Smith, 539 U.S. 510, 521 (2003) (citing Strickland, 446 U.S. at 687).  Petitioner bears the burden of establishing both deficient performance and sufficient prejudice.  See Strickland, 466 U.S. at 700; United States v. Cronic, 466 U.S. 648, 658 (1984).

In considering a federal habeas petition, the court does not conduct a _de novo_ review of the claims.  The function of the federal court when reviewing a claim for ineffective assistance of counsel under section 2254(d) is to determine "whether there is any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard."  <u>Premo v. Moore</u>, 562 U.S. 115, 123 (2011). The court evaluates counsel's conduct at the time the decisions were made, not in hindsight, and affords substantial deference to counsel's decisions.  <u>See</u> <u>Rompilla v. Beard</u>, 545 U.S. 374, 381 (2005).

Here, the state court correctly applied the <u>Strickland</u> test to petitioner's claim.[1]  At the habeas hearing, Jackson testified that he told trial counsel that he did not want a self-defense instruction because he thought it would undermine his claim that he was not the shooter.  <u>Jackson v. Commissioner of Correction</u>, 129 Conn. App. at 327-28, 20 A.3d at 77.  Trial counsel testified that there was sufficient evidence for an instruction on self-defense, and he believed the instruction afforded his client an additional defense and would not confuse the jury or dilute the actual-innocence defense.  <u>Id.</u> at 328, 20 A.3d at 77.  Crediting

---

[1] Although the issue before the Connecticut Appellate Court was whether the trial court had abused its discretion in denying certification to appeal, to resolve that issue the court necessarily had to consider the merits of Jackson's ineffective assistance of counsel claim.  129 Conn. App. at 329, 20 A.3d at 78.

the testimony of trial counsel, the habeas court concluded that the decision not to object to the *sua sponte* instruction on self-defense was sound trial strategy.  Id.  Having determined that trial counsel's performance was not deficient under the first prong of the Strickland test, the trial court did not address the prejudice prong.

The Connecticut Appellate Court concurred with the habeas court's decision.  Id. at 330-31, 20 A.3d at 78-79.  The appellate court cited state case law indicating that a decision not to object to jury instructions on alternative theories is not evidence of incompetence.  Id.  Thus, the Connecticut Appellate Court agreed that Jackson's ineffective assistance of counsel claim failed under the first prong of the Strickland test and, therefore, that the habeas court had not abused its discretion when it denied certification to appeal.  Id. at 79.

No Supreme Court cases support Jackson's position that failure to object to the self-defense instruction was deficient performance.[2]  The Supreme Court has rejected an argument that a

---

[2] To prevail on a federal habeas petition, Jackson must show that his conviction violated his rights under Supreme Court law.  See Carey, 549 U.S. at 74.  Jackson directs the Court to United States v. Crowder, 543 F.2d 312 (D.C. Cir. 1976), in which the United States Court of Appeals for the D.C. Circuit held that a jury instruction on self-defense was inappropriate where it would have contradicted the defendant's testimony and repudiated his theory of defense.  Id. at 317.  Because Crowder is a Court of Appeals decision, it cannot support a federal habeas claim.  See Renico v. Lett, 559 U.S. 766, 778-79 (2010).

criminal defendant could not both deny one or more elements of a crime and assert an entrapment defense.  See Matthews v. U.S., 485 U.S. 58, 63-64 (1988).  In addition, in Stevenson v. United States, 162 U.S. 313 (1896), the Court remanded for a new trial and an instruction on manslaughter as well as self-defense, even though killing in the heat of passion and killing in self-defense are inconsistent.  See id. at 323.  In light of these decisions allowing inconsistent defenses, the Connecticut Appellate Court's determination that trial counsel's failure to object to the *sua sponte* self-defense instruction was trial strategy and not deficient performance is a reasonable application of Supreme Court law.[3]

As his second ground for relief, petitioner challenges the trial court's denial of certification to appeal.  The rules governing appeals of state habeas actions are set forth in Conn. Gen. Stat. § 52-470 and state court decisions.  See, e.g., Simms v. Warden, 230 Conn. 608, 612, 646 A.2d 126, 129 (1994).  Thus,

---

[3] Petitioner argues that Stevenson stands for the proposition that a jury instruction on a particular defense is not warranted unless the defendant presents evidence to warrant such a charge.  See ECF No. [20], at *7.  The Stevenson decision, however, is not crafted so narrowly.  The Court holds that a jury instruction is warranted if there is any evidence to support the instruction, not just evidence offered by the defendant.  See Stevenson, 162 U.S. at 314.  Here, trial counsel conceded that a self-defense instruction was warranted based on the testimony at trial of the victim's friend.  See ECF No. [14]-11, at *35. Thus, Stevenson does not support petitioner's claim of ineffective assistance of counsel.

Jackson's claim is that the state court did not comply with state law requirements.  Federal habeas relief, however, is not available for violations of state law.  See Swarthout v. Cooke, 562 U.S. 216, 219 (2011).

IV.   Conclusion

Accordingly, the petition is hereby denied.  Because petitioner has not shown that he was denied a constitutional right, a certificate of appealability will not issue.  The Clerk may enter judgment and close the case.

So ordered this 30th day of September 2015.


_____/s/ RNC_____
                        Robert N. Chatigny
                  United States District Judge